IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

CATHY DELEBREAU, et al.,

           Plaintiffs,

v.                                             CIVIL ACTION NO.  6:09-cv-00245

BAYVIEW LOAN SERVICING, LLC

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' Motion to Certify Class [Docket 15].  As explained below, the Motion is **DENIED without prejudice**.

This case involves claims of debtors against a loan servicing company for the assessment of illegal fees.  By their Motion to Certify, the plaintiffs seek to certify a class of customers of defendant Bayview Loan Servicing, LLC ("Bayview"). The plaintiffs allege that Bayview "routinely adds thousands of dollars in illegal fees to consumer accounts and then attempts to collect these sums from West Virginia borrowers by threats of foreclosure."  (Pls.' Mem. Supp. Mot. Certify 1.) "Specifically," the plaintiffs charge, Bayview "illegally assesses late fees, attorney fees, and other default fees, in violation of [West Virginia law], and misapplies payments resulting in increased principal and interest charges, in violation of [West Virginia law]."  (*Id.*)

The Supreme Court has admonished district courts to engage in a "rigorous analysis" into whether a putative class should be certified.  *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). To qualify for class certification under the Federal Rules of Civil Procedure, the plaintiffs must

satisfy the requirements of Rule 23(a), as well as one of the three requirements of Rule 23(b). The Fourth Circuit has explained that "federal courts should give Rule 23 a liberal rather than a restrictive construction." *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (internal quotation marks omitted). While certifying a class is within the discretion of the district court, *id.*, the court should not engage in an "in-depth assessment of the merits" of the claims at the certification stage, *Brown v. Nucor* Corp., 576 F.3d 149, 156 (4th Cir. 2009).

Under Rule 23(a), the party seeking class certification bears the burden of proving that the putative class meets the requirements for numerosity, commonality, typicality, and adequacy. *Falcon*, 457 U.S. at 161; Fed. R. Civ. P. 23(a). At this point, the Motion to Certify may be disposed of on the issue of numerosity.

Numerosity requires that the plaintiff show "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no magic number to meet the numerosity requirement. *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) ("[A] class as large as 74 persons is well within the range appropriate for class certification. Indeed, this court has held that a much smaller class can meet the numerosity requirement." (internal citations omitted)).

The plaintiffs allege that "the proposed class includes 277 loans in West Virginia, affecting 400 individuals." (Pls.' Reply 4.) They assert that, out of those 277 loans, "168 accounts were charged default fees, which may only be charged in extremely restricted circumstances under West Virginia statute." (*Id.* (internal citation omitted).) "[C]ommon sense," they argue, "dictates of the 168 accounts that . . . were charged default fees, at least forty were charged these fees illegally."

(*Id.* at 5.) They contend that the members of the putative class live throughout West Virginia, and that joining all of them as plaintiffs would be impracticable. (*Id.*)

Bayview argues that the plaintiffs have not presented enough evidence to satisfy the numerosity requirement. It contends that the "plaintiff have failed to put forth any evidence that any other member of the proposed class has been assessed illegal late fees or illegal default fees." (Def.'s Resp. Mot. Certify 8.) Although the plaintiffs have identified 277 loans serviced by Bayview, the defendant maintains, they "offer no evidence that tends to show that even one of [those] loans was assessed illegal fees or had payments misapplied." (*Id.*) The plaintiffs respond that the reason for their lack of evidence is due to Bayview's refusal to respond to discovery requests. Thus, they assert, they should not be denied class certification for lack of evidence.

On November 16, 2009, the plaintiffs filed a Motion to Compel Defendant to Produce Account Records and Documents for Class Members [Docket 22]. The Motion to Compel has been referred to Magistrate Judge Mary E. Stanley. By that motion, the plaintiffs seek a court order compelling Bayview to produce account records for all of the putative class members. A ruling in favor of the plaintiffs on the Motion to Compel could produce additional evidence supporting the plaintiffs' contention that Rule 23(a)'s numerosity requirement is met in this case. Therefore, a ruling on class certification at this point would be premature. The court therefore **DENIES without prejudice** the Motion to Certify Class [Docket 15]. The court invites the parties to re-brief the class certification issue once the court has ruled on the Motion to Compel.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 10, 2009

*[Signature: Joseph R. Goodwin]*
Joseph R. Goodwin, Chief Judge